**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

NARENDRA T. DINDIYAL,

       Plaintiff,

Case No.:

-vs-

SUNRISE CREDIT SERVICES, INC.,

       Defendant.

_____/

**COMPLAINT
JURY DEMAND**

      Plaintiff, NARENDRA DINDIYAL (hereinafter "Plaintiff") hereby brings this action against Defendant, SUNRISE CREDIT SERVICES, INC. (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act § 559.72 *et seq.* (hereinafter "FCCPA") in order to remedy illegal debt collection practices.

**JURISDICTION AND VENUE**

    1.    This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

    2.    Supplemental jurisdiction exists for Plaintiff's FCCPA claim pursuant to 28 U.S.C. § 1367.

    3.    Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred here.

**PARTIES**

    4.    Plaintiff is a natural person who, at all times relevant to this action, is and was a resident of Broward County, Florida.

5. Plaintiff, who, as more fully described herein, is allegedly obligated to pay a debt and is therefore a consumer within the meaning of 15 U.S.C. § 1692a(3).

6. Defendant is a New York corporation whose principal place of business is 260 Airport Plaza, Farmingdale, NY 11735.

7. Defendant uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and is registered as a consumer collection agency in the state of Florida, license number: CCA0900483.

9. Defendant is a "person" as defined by Florida Statute §559.55.

10. Plaintiff is a "consumer" as defined by Florida Statute §559.55(8).

11. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

## APPLICABLE LAW

### The FDCPA

12. The FDCPA provides, in relevant part: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt … 15 U.S.C. § 1692e.

13. A consumer has a right under the FDCPA to receive information from a debt collector that is not "false, deceptive, or misleading." *Pralle v. Cooling & Winter*, LLC, No. 2:16-cv-865-FtM-99CM (M.D. Fla. May 2, 2017).

14. The FDCPA defines the term "consumer" as "any natural person obligated or

allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3) (emphasis added).

15. The FDCPA defines the term "debt" as "any obligation or <u>alleged obligation</u> of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5) (emphasis added).

16. The FDCPA defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added).

17. The FDCPA defines the term "consumer" as "any natural person obligated or <u>allegedly obligated</u> to pay any debt." 15 U.S.C. § 1692a(3) (emphasis added).

18. For the purposes of the claims brought in this action, the applicable standard under the FDCPA in the Eleventh Circuit is "the least sophisticated" consumer test. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (adopting the test enunciated in *Exposition Press Inc. v. FTC*, 295 F.2d 869 (2d Cir. 1961)).

19. The principles underlying the FDCPA must be implemented for "the public— that vast multitude which includes the ignorant, the unthinking and the credulous." *Jeter,* 760 F.2d at 1172-73 (internal citations omitted). The "fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *Id.* at 1173 (internal citations omitted).

20. Within five days after the initial communication with a consumer in connection with the collection of any debt the FDCPA requires a debt collector to send the consumer a written notice containing specific information.[1]

21. The FDCPA is essentially a strict liability statute and, therefore, does not require a showing of intentional conduct on the part of a debt collector. *See Rivera v. Amalgamated Debt Collection Services,* 462 F. Supp. 2d 1223 (S.D. Fla. 2006).

**The FCCPA**

22. Consumer protection statutes are remedial in nature and should be liberally construed in favor of the public. *See Samara Dev. Corp. v. Marlow*, 556 So. 2d 1097, 1100 (Fla. 1990).

23. The FCCPA's goal is to "provide the consumer with the most protection possible." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) (citing Fla. Stat. § 559.552).

24. The FCCPA mandates that "no person" shall engage in certain practices in collecting consumer debt. Fla. Stat. § 559.72. This language includes all unlawful attempts at collecting consumer debts by creditors and debt collectors alike. *See Williams v. Streeps Music Co.*, 333 So. 2d 65, 67 (Fla. Dist. Ct. App. 1976).

---

[1] (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. *See* 15 U.S.C. §1692g(a).

25. The FCCPA provides that no person shall "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. §559.72(7).

## FACTUAL ALLEGATIONS

26. The factual allegations of this Complaint stem from Defendant's attempts to collect an allegedly delinquent debt assigned to Defendant from AT&T U-Verse. The alleged debt was originally for personal, family, or household purposes.

27. On January 2, 2019, Plaintiff missed a phone call from a number appearing on his personal cellular phone as 507-872-7352; Plaintiff returned the call and it was routed directly to a service representative of Defendant. Plaintiff hung up the phone when it was answered by Defendant because he had not had any previous communications with Defendant.

28. On January 10, 2018, Plaintiff missed a phone call from a number appearing on his personal cellular phone as 612-134-8258; Plaintiff returned the call and it was routed directly to a service representative of Defendant. Again, Plaintiff hung up the phone when it was answered by Defendant because he had not had any previous communications with Defendant.

29. On January 18, 2018, Plaintiff received a phone call from a number appearing on his personal cellular phone as 651-319-5840. Plaintiff picked up the phone and a service representative of Defendant stated the purpose of the call was to collect a debt that was allegedly owed to AT&T for internet, phone, and/or television services. Plaintiff explained that

he was not aware of any outstanding amounts owed to AT&T for such services and requested written validation to be sent to him by mail as required by 15 U.S.C. §1692g(a). *See supra* ¶20.

30. On or about January 19, 2018, Plaintiff received a letter from Defendant in connection with the AT&T account with a balance of $295.14. A true and correct copy of the January 19th Letter is attached hereto as Exhibit "A."

31. Between February 13, 2018 and February 19, 2018 Plaintiff would continue to receive phone calls from Defendant on the corresponding dates.

| Date of Call | Time (AM/PM) | Number Calling |
|---|---|---|
| 02/13/2018 | 10:44 AM | 651-346-7527 |
| 02/13/2018 | 2:54 PM | 651-346-7527 |
| 02/13/2018 | 6:46 PM | 651-346-7527 |
| 02/14/2018 | 10:22 AM | 651-319-5840 |
| 02/14/2018 | 6:12 PM | 612-990-1900 |
| 02/15/2018 | 11:45 AM | 651-346-7529 |
| 02/15/2018 | 3:34 PM | 651-346-7529 |
| 02/16/2018 | 10:26 AM | 651-346-7527 |
| 02/16/2018 | 2:15 PM | 651-346-7527 |
| 02/17/2019 | 9:30 AM | 651-319-5840 |
| 02/19/2019 | 11:53 AM | 651-346-7527 |
| 02/19/2019 | 6:30 PM | 651-346-7527 |

32. Since the January 18, 2018 phone call where Plaintiff specifically requested validation of the debt, Plaintiff received an additional twelve (12) phone calls from Defendant

in a six-day period in an attempt to collect the debt. Eleven (11) of those calls came from the 651 area code and one came from the 612 area code. According to the North American Numbering Plan (NANP)[2], 651 is the telephone numbering plan code for Saint Paul, MN and 612 is the code for Minneapolis, MN. Prior to becoming a Florida resident, Plaintiff was born in Minnesota and resided there for numerous years. Despite moving to Florida, Plaintiff still uses a State of Minnesota area code for his personal cell phone.

33.     On February 20, 2018 at approximately 11:47 a.m., Plaintiff received a phone call from a representative of Defendant, which appeared on Plaintiff's cellular phone as 651-319-5840. The representative identified herself as Ms. Watson and that the purpose of her call was to collect payment from Plaintiff on the AT&T account. A true and correct copy of the call described as it appeared on Plaintiff's cellular phone is attached hereto as part of Composite Exhibit "B."

34.     Rather than making a payment, Plaintiff requested Ms. Watson send a validation notice concerning the AT&T account to Plaintiff as required by 15 U.S.C. §1692g(a). *See* supra ¶20. The duration of the call was approximately three minutes and forty-one seconds as reflected by the information appearing on Plaintiff's cell phone screen and further attached as part of Composite Exhibit "B."

35.     Ms. Watson stated to Plaintiff that Defendant could not or would not send a validation notice and she needed to collect the amounts alleged as owed. Ms. Watson further stated that something would be sent in the mail to Plaintiff, although not a validation notice.

36.     On or about February 21, 2018, Plaintiff received a second letter from Defendant

---

[2] Under §251(e)(1) of the Telecommunications Act of 1996, Pub. LA. No. 104-104, 110 Stat. 56 (1996), the Federal Communications Commission (FCC) was required to designate one or more impartial entities to administer telecommunications numbering and to make such numbers available on an equitable basis.

in connection with the AT&T account with a balance of $295.14. A true and correct copy February 21, 2018 Letter is attached hereto as Exhibit "C."

37. Since the February 20, 2018 phone call where Plaintiff specifically requested validation of the debt, Plaintiff received an additional nine (9) phone calls from Defendant. Seven of those calls came from the 651 area code (Saint Paul, MN) and two came from the 612 area code (Minneapolis, MN).

| Date of Call | Time (AM/PM) | Number Calling |
|---|---|---|
| 03/02/2018 | 10:00 AM | 651-346-7529 |
| 03/05/2018 | 10:06 AM | 651-346-7529 |
| 03/05/2018 | 3:03 PM | 651-346-7529 |
| 03/05/2018 | 4:20 PM | 651-346-7529 |
| 03/07/2018 | 10:13 AM | 651-319-5840 |
| 03/07/2018 | 2:28 PM | 651-319-5840 |
| 03/09/2018 | 10: 47 AM | 651-346-7527 |
| 03/12/2018 | 10:42 AM | 612-324-1246 |
| 03/12/2018 | 10:42 AM | 612-324-1246 |

38. On two additional occasions that fell during the period of this second table of calls reflected directly above, Plaintiff asked for validation of the debt to be sent to him in writing:

a. On March 7, 2018 during the call that was placed to Plaintiff's cell phone at 2:28 PM; and

b. On March 9, 2018 during the call that was placed to Plaintiff's cell phone at 10:47 AM.

39. On April 27, 2018, Plaintiff received what would be the final phone call Defendant. On that call, Plaintiff expressly stated that Defendant did not have permission to contact him by phone anymore.

40. Defendant has complied with that request, but has never sent the required validation notice as required by 15 U.S.C. §1692g(a).

## **COUNT I – VIOLATION OF 15 U.S.C. §1692g(a)**

41. Plaintiff incorporates by reference the allegations in paragraphs 1 through 40 as if fully set forth herein.

42. At all times relevant, Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

43. At all times relevant, Plaintiff was allegedly obligated to pay a debt and is therefore a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

44. Defendant, through its agents, representatives, and/or employees acting within the scope of their authority violated 15 U.S.C. §1692g(a) by failing to provide Plaintiff with the required notice within five days of the initial communication, which was January 18, 2018.

45. The January 19th Letter described herein and attached as Exhibit "A" does not contain the required information of §1692g(a). Moreover, the subsequent letter dated February 21, 2019 and attached as Exhibit "C" also fails to meet the requirements of §1692g(a).

46. After the January 19th Letter, Plaintiff made three subsequent requests for validation of the debt that falls under §1692g(a). *See* supra ¶¶33, 37, and 38. Yet, Defendant has failed to provide the required notice.

47. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any

provision of the FDCPA with respect to any person is liable to such person for up to $1000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

48. As a result of Defendant's aforementioned violations, Plaintiff suffered damages, including but not limited to, time spent addressing Defendant's illegal collection practices.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Defendant for:

a. Actual and Statutory damages pursuant to 15 U.S.C. § 1692k;

b. Attorneys' fees, litigation expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

## COUNT II - VIOLATION OF 15 U.S.C. §1692e(10)

49. Plaintiff incorporates by reference the allegations in paragraphs 1 through 48 as if fully set forth herein.

50. At all times relevant, Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

51. At all times relevant, Plaintiff was allegedly obligated to pay a debt and is therefore a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

52. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. *Johnson v. Midland Funding, LLC*, 823 F.3d 1334 (11th Cir. 2016).

53. Defendant violated § 1692e(10) of the FDCPA by using false and deceptive means in an attempt to collect a debt from Plaintiff.

54. Specifically, every phone call to Plaintiff by Defendant was done with area codes

that are all assigned to the state of Minnesota.

55. Plaintiff saw the incoming calls described herein assigned to numbers with area codes from Minnesota and returned some of the missed calls because he reasonably believed such calls were from people he had previous contact with.

56. Defendants use of multiple Minnesota based area codes in connection with collecting a debt is deceptive to the least sophisticated consumer because such a consumer would be more inclined to answer incoming calls with familiar area codes.

57. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

58. As a result of Defendant's aforementioned violations, Plaintiff suffered damages, including but not limited to, time spent addressing Defendant's illegal collection practices.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Defendant for:

    a. Actual and Statutory damages pursuant to 15 U.S.C. § 1692k;

    b. Attorneys' fees, litigation expenses and costs of the instant suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III – VIOLATION OF §559.72(7)
## AS TO CALLS AFTER FIRST REQUEST FOR VALIDATION

59. Plaintiff incorporates by reference paragraphs 1 through 58 as if fully set forth herein.

60. At all times relevant to this action, Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

61. Defendant violated Florida Statute § 559.72(7) by "[w]illfully communicat[ing] with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

62. When considering the issue of harassment and willfulness under the FCCPA, the Fourth District Court of Appeal has stated

> The trier of fact may consider such communications harassing in their frequency, however, when they continue after all such information has been communicated and reasonable efforts at persuasion and negotiation have failed. Beyond that point communication "can reasonably be expected to harass the debtor or his family," because it tends only to exhaust the resisting debtor's will. If the creditor intends that likely effect, further communication is willful and actionable.

*Schauer v. Morse Operations, Inc.*, 5 So. 3d 2, 5 (Fla. 4th DCA 2009).

63. On January 18, 2018, Plaintiff answered a phone call from Defendant and requested the required validation notice under §1692g(a) be sent to him, but none was sent.

64. Rather, Defendant provided a deficient validation notice and instead called Plaintiff an additional twelve (12) times between February 13 and February 19, 2018. *See* supra ¶ 31.

65. "Any person who fails to comply with any provision of s. 559.72 is liable for actual damages **and for additional statutory damages as the court may allow**, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional." Fla. Stat. 559.77(2) (emphasis added).

66. As a result of Defendant's aforementioned violations, Plaintiff suffered damages, including but not limited to, time spent addressing Defendant's illegal collection practices.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Defendant for statutory and actual damages pursuant to Fla. Stat. § 559.77, attorneys' fees, litigation expenses and costs of the instant suit, and such other or further relief as the Court deems proper.

## COUNT IV – VIOLATION OF §559.72(7)
## AS TO CALLS AFTER SECOND REQUEST FOR VALIDATION

67. Plaintiff incorporates by reference paragraphs 1 through 66 as if fully set forth herein.

68. At all times relevant to this action, Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

69. Defendant violated Florida Statute § 559.72(7) by "[w]illfully communicat[ing] with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

70. On February 20, 2018, Plaintiff answered a phone call from Defendant and requested the required validation notice under §1692g(a) be sent to him, but none was sent. This was Plaintiff's second request.

71. Rather, the service representative told Defendant sending a validation notice was not possible. *See* supra ¶ 35. Furthermore, Defendant called Plaintiff an additional five times before he would make his third request for validation. *See* ¶¶ 37 and 38. Defendant would ultimately send a deficient validation notice under the FDCPA. *See* Exhibit "C."

72. "Any person who fails to comply with any provision of s. 559.72 is liable for

actual damages **and for additional statutory damages as the court may allow**, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional." Fla. Stat. 559.77(2) (emphasis added).

73. As a result of Defendants 's aforementioned violations, Plaintiff suffered damages, including but not limited to, time spent addressing Defendant's illegal collection practices.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Defendant for statutory and actual damages pursuant to Fla. Stat. § 559.77, attorneys' fees, litigation expenses and costs of the instant suit, and such other or further relief as the Court deems proper.

## COUNT V - VIOLATION OF §559.72(7)
## AS TO CALLS AFTER THIRD REQUEST FOR VALIDATION

74. Plaintiff incorporates by reference paragraphs 1 through 73 as if fully set forth herein.

75. At all times relevant to this action, Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

76. Defendant violated Florida Statute § 559.72(7) by "[w]illfully communicat[ing] with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

77. On March 7, 2018, Plaintiff answered a phone call from Defendant and

requested the required validation notice under §1692g(a) be sent to him, but none was sent. This was Plaintiff's third request.

78. Rather, Defendant called Plaintiff two days later to collect on the debt at which point Plaintiff would make his fourth and final request for validation. *See* ¶¶ 37 and 38.

79. "Any person who fails to comply with any provision of s. 559.72 is liable for actual damages **and for additional statutory damages as the court may allow**, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional." Fla. Stat. 559.77(2) (emphasis added).

80. As a result of Defendants's aforementioned violations, Plaintiff suffered damages, including but not limited to, time spent addressing Defendant's illegal collection practices.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Defendant for statutory and actual damages pursuant to Fla. Stat. § 559.77, attorneys' fees, litigation expenses and costs of the instant suit, and such other or further relief as the Court deems proper.

### COUNT VI - VIOLATION OF §559.72(7) AS TO CALLS AFTER FOURTH REQUEST FOR VALIDATION

81. Plaintiff incorporates by reference paragraphs 1 through 80 as if fully set forth herein.

82. At all times relevant to this action, Defendant is subject to and must abide by the

law of Florida, including Florida Statute § 559.72.

83. Defendant violated Florida Statute § 559.72(7) by "[w]illfully communicat[ing] with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

84. On March 9, 2018, Plaintiff answered a phone call from Defendant and requested the required validation notice under §1692g(a) be sent to him, but none was sent. This was Plaintiff's fourth and final request.

85. Rather, Plaintiff placed an additional three calls between March 9, 2018 and March 12, 2018.

86. "Any person who fails to comply with any provision of s. 559.72 is liable for actual damages **and for additional statutory damages as the court may allow**, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional." Fla. Stat. 559.77(2) (emphasis added).

87. As a result of Defendants's aforementioned violations, Plaintiff suffered damages, including but not limited to, time spent addressing Defendant's illegal collection practices.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Defendant for statutory and actual damages pursuant to Fla. Stat. § 559.77,

attorneys' fees, litigation expenses and costs of the instant suit, and such other or further relief as the Court deems proper.

## JURY DEMAND

88. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ *Kevin Rajabalee*
Kevin Rajabalee, Esq.
FBN: 119948

**KR LEGAL, P.A.**
3440 Hollywood, Blvd., Ste 415
Hollywood, FL 33021
Telephone: (954) 667-3096
Email: Kevin@KRlegal.net